822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BALLAST NEDAM GROEP, N.V., Plaintiff-Appellant,
v.
COMPUTER SCIENCES CORPORATION, Defendant-Appellee.
 No. 86-3134.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1987.
Decided June 16, 1987.
 
 Before WINTER, Chief Judge, HARVEY, Chief District Judge,[1] and SMALKIN, District Judge.[2]
 James A. Pemberton, Jr. (Paul E. McNulty, King & King, Chartered, on brief), for appellant.
 Millard F. Ottman, Jr. (Jones, Day, Reavis & Pogue, on brief), for appellee.
 SMALKIN, District Judge:
 The parties to this appeal, Ballast Nedam Groep, N.V. [hereinafter BNG] and Computer Sciences Corporation [hereinafter CSC] were the parties to an agreement for the construction of computer facilities by BNG in Saudi Arabia for CSC. The contract was negotiated at length and executed in Saudi Arabia. As is often the case in the course of construction projects, disputes arose between the owner (CSC) and the contractor (BNG). On August 5, 1986, BNG filed a complaint against CSC in the United States District Court for the Eastern District of Virginia, alleging jurisdiction under 28 U.S.C. Sec. 1332, and claiming damages for breach of contract. The defendant CSC timely moved to dismiss, or to stay pending resolution of a claim filed by CSC against BNG in Saudi Arabia, contending that the contract contained a choice-of-forum provision giving CSC the unilateral right to elect to have all contract disputes decided exclusively in a Saudi forum, which right was asserted, thus depriving the United States District Court of jurisdiction. The District Judge agreed, holding, in an oral opinion, that the contract contained an unambiguous choice-of-forum provision that gave CSC the right to elect an exclusive Saudi forum. The District Judge also refused, in light of his holding that the provision was unambiguous, to consider parol evidence proffered by appellant BNG (to the effect that the provision in question was not intended by the parties to vest an exclusive Saudi forum selection option in CSC).
 We hold that the provision in question, viewed both by itself and against other provisions of the contract, is not unambiguously a choice-of-forum clause. Thus, we reverse.
 We start our analysis with a clear and unambiguous choice-of-law clause, clause 24.17, that goes to the entire contract, obviously governing interpretation of any choice-of-forum clause in it:
 The Contract shall be governed and interpreted in accordance with the substantive laws of the Commonwealth of Virginia, United States of America.
 Under Virginia law, as is the universal common law rule, parol evidence is admissible to explain and to aid the court in interpreting an ambiguous contract provision. Shevel's Inc.--Chesterfield v. Southeastern Associates, Inc., 228 Va. 175, 320 S.E.2d 339 (1984). Whether a particular provision is ambiguous or not is obviously a question of law.
 The allegedly unambiguous clause that CSC relies upon to give it the choice of an exclusive Saudi forum in this case, clause 22.1, provides:
 All claims, disputes and other matters in question between the Contractor [BNG] and the Company [CSC] arising out of, or relating to, the Contract documents or the breach thereof, shall at the sole discretion of the Company be decided either under applicable Saudi Arabia law and procedure or by arbitration in accordance with the Rules of Arbitration and Conciliation then obtaining of the International Chamber of Commerce. In the event the Company chooses arbitration, the arbitrator(s) shall apply the substantive laws of the Commonwealth of Virginia, U.S.A., in interpretation of the Contract. The Contractor shall carry on the Works and maintain its progress during any arbitration proceedings, and the Company shall continue to make payments to the Contractor in accordance with the Contract.
 When read alone, or even against the clause, quoted ante, making Virginia law the parties' choice, clause 22.1 is hopelessly ambiguous on its face. Although it clearly refers to international arbitration as one choice by CSC for dispute resolution, it nowhere mentions the words court, forum, arbitration, or any other like language in connection with Saudi Arabia in a way unambiguously demonstrating that a Saudi forum choice was given contractually to CSC. Indeed, the reference to "decided ... under applicable Saudi Arabia law and procedure," the only reference to anything pertaining to that kingdom in clause 22.1, could just as plausibly (and perhaps more plausibly) be interpreted as a choice-of-law provision, rather than a choice-of-forum provision.[3] Of course, it is possible that the parties did intend clause 22.1, however unclear on its face, to be a choice-of-forum clause. Whether they so intended is a question whose resolution depends upon parol evidence of the sort tendered to, but rejected by, the District Court. One may regret the ambiguity in clause 22.1, expecting that sophisticated businesses should be able to negotiate and draft unambiguous contracts, but such regret does not warrant finding clarity where ambiguity dwells.
 For the reasons stated, we hold that the order dismissing this case for lack of jurisdiction must be reversed and the cause remanded to the United States District Court for the Eastern District of Virginia for further proceedings.
 REVERSED AND REMANDED.
 
 
 
 [1]
 Honorable Alexander Harvey, II, Chief United States District Judge for the District of Maryland, sitting by designation
 
 
 [2]
 Honorable Frederic N. Smalkin, United States District Judge for the District of Maryland, sitting by designation
 
 
 [3]
 Such an interpretation raises a possible conflict between clauses 22.1 and 24.17, but this is not an issue before the Court on this appeal. It is one, however, that may arise in the district court on remand, if the district court determines that clause 22.1 is not a forum selection clause